Aguiar, J.
This appeal raises the issue of whether the court erred in allowing plaintiffs’ motion for entry of final judgment regarding the attempt by the plaintiffs to enforce their lien for unpaid condominium assessments.
We find there was no error.
The defendant never paid any condominium fees and the plaintiffs, acting by statute, collected the available rents and applied them to the defendant’s balance. Suit was filed on September 15,1994 to enforce the lien and defendant defaulted. On December 2, 1994, a preliminary order was entered against the defendant authorizing sale. On July 17,1995, the defendant paid some outstanding fees and *56 expenses, but refused to pay accrued legal fees and expenses. The auction was continued numerous times in an attempt to permit the defendant to cure the outstanding sums. On September 15,1995, after notice was given to the defendant, an auction was conducted and the unit was sold for $4,000 to the highest bidder. The finding and order were recorded on October 13,1995 and the deed was recorded on October 13,1995. On January 29,1997 the defendant filed a verified complaint for declaratory relief at the Plymouth County Superior Court. Motion for final judgment in the District Court was allowed on April 18, 1997 over defendant’s objection.
Defendant claims there are five issues on which this appeal is filed. They are as follows:
1. Whether plaintiffs failed to record an attested copy of the complaint at the Registry of Deeds prior to the auction sale.
2. Whether the defendant made a tender of all charges prior to the sale.
3. Whether there was error in not having an evidentiary hearing concerning the tender of charges prior to sale.
4. Whether the auction sale was conducted at the location described in the publication of the notice of sale.
5. Whether plaintiffs had proceeded to record the deed to purchaser at the auction sale prior to obtaining said approval from the District Court.
We find there was no error concerning any of these issues.
There is a presumption of regularity.
The issue of whether the plaintiffs failed to record an attested copy of the complaint at the Registry of Deeds within 30 days of the commencement of the action has to be brought to the court’s attention before the court issues findings and orders to enforce the lien. If that had been done and the court had found as a fact that the plaintiffs had not recorded an attested copy of the complaint at the Registry of Deeds within thirty days of the commencement of the action then the court would have declared such lien to be dissolved in accordance with G.L.C. 254, §5. But that was not the case. The defendant chose not to defend the action and was defaulted. Section five of G.L.c. 254, provides, “An attested copy of the complaint, which shall contain a brief description of the property sufficient to identify it, and a statement of the amount due, shall be filed in the Registry of Deeds and recorded as provided in section nine within thirty days of the commencement of the action, or such lien shall be dissolved.” The defendant received a copy of the complaint, knew what properly was involved, and received an invoice of the amount due. He was not prejudiced in any way. If the plaintiffs had not complied with the statute and this fact had been determined by the Court the lien would have been dissolved and the plaintiffs would have been able to initiate a new lien. If the plaintiffs had complied with the statute there was no defect in the lien.
To bring up the issue almost three years later and after the property was sold under a court order to an innocent buyer comes too little and too late.
In addition, the court, in spite of the affidavit by the attorney for the defendant that he had arranged to obtain a title report and abstract and apparently record title failed to reflect the recording of any attested copy of the complaint filed at this court with regard to this action, the court did not find that to be a fact. It was obviously hearsay. The court found that the sale was duly conducted in accordance with the court’s findings and order dated December 2, 1994 and provisions of M.G.L.C. 254, §§5 and 5A.
We find that there was no abuse of discretion in the decision of the court concerning that issue.
On the issue of whether there was a tender of all charges prior to the sale the court obviously believed the affidavit of plaintiffs’ attorney that not all charges were tendered. We find there was no error.
*57 Concerning the issue of whether there should have been an evidentiary hearing prior to sale we find that there was none needed and the defendant never requested any prior to the sale.
We find there was no error.
Concerning the issue of whether the sale was conducted at the location described in the publication of the notice of sale the court obviously believed plaintiffs’ attorney’s affidavit that the sale was conducted at the Deputy Sheriffs Office, 30 Cottage Street, Brockton, Massachusetts by Maria T. O’Connell Unda and Richard Ramponi auctioneer in accordance with the findings and order of the court dated December 2,1994.
Defense counsel’s affidavit that he was informed by the Office of the Plymouth County Deputy Sheriff that the Office of the Deputy Sheriff never conducted any auction sale of the property on behalf of the plaintiff is not only hearsay but irrelevant The auctioneer, not the Deputy Sheriff’s Office, was authorized to conduct the sale. Defendant thinks the sale may have been conducted on the sidewalk near the Office of the Deputy Sheriff on Cottage Street, Brockton. Even if this were so it would be reasonable for the court to conclude that the sale was conducted in accordance with the publication. In any event it would be harmless error. And the court never found defendant’s allegation to be a fact. We find no error in the court’s discretion in its decision concerning this matter.
And finally on the issue of whether plaintiffs had proceeded to record the deed to purchaser at the auction sale prior to obtaining said approval from the District Court as ordered by the court in its finding and orders dated December 2,1994 to enforce the lien for unpaid condominium assessments (Order #7 - “Upon completion of the sale, and prior to the recording of said deed or of the notice and affidavit as provided in said Section 5A, paragraph 4, the plaintiff shall submit the proposed deed, notice and affidavit, and a full account of the costs and fees incurred in conjunction with said sale to this court for its approval,”) the court obviously found that the violation by the plaintiff of the court’s preliminary order was harmless error and approved the sale in its final judgment on April 18,1997 after a full hearing and over the defendant’s objection. The court has the power and discretion to excuse a violation of its own order and did so in this case. Defendant was not prejudiced in any way by the harmless error. We find there was no abuse of the court’s discretion.
The court in its final judgment found that the sale was conducted in accordance with said preliminary order and the provisions of M.G.L.C. 254, §§5 and 5A; that the deed, attorney’s affidavit and notice together with an attested copy of the final judgement may be recorded, that upon such recording, title to said unit will be conveyed to the named grantee, that the proceeds of the sale ($4,000) be paid to the plaintiffs, and that a final judgment be entered, and execution issued against the defendant in the amount of $357.76, representing the deficiency between the debt due to the plaintiffs herein and the amounts recovered by them pursuant to this sale.
We find that there was no abuse of the court’s discretion.
For all of the above reasons the appeal is dismissed.